1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  WALTER COVINGTON, et al.,       No. 2:07-cv-01811-MCE-KJM

12           Plaintiffs,

13       v.                          AMENDED PRETRIAL SCHEDULING ORDER

14  YUBA CITY UNIFIED SCHOOL
    DISTRICT,
15
              Defendant.
16  _____/

17       After reviewing Defendant's Request for Clarification of the

18  Court's August 6, 2009 Pretrial Scheduling Order, the Court

19  amends its Pretrial Scheduling Order as follows.

20       I.   SERVICE OF PROCESS

21       All named Defendants have been served and no further service

22  is permitted without leave of court, good cause having been

23  shown.

24       II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

25       No joinder of parties or amendments to pleadings is

26  permitted without leave of court, good cause having been shown.

27  ///

28  ///

                                1

1    III. <u>JURISDICTION/VENUE</u>

2        Jurisdiction is predicated upon 20 U.S.C. section

3    1415(i)(2).  Jurisdiction and venue are not contested.

4        IV. <u>DISCOVERY</u>

5        This case is governed by IDEA, therefore, all evidence for

6    trial will be limited to the administrative record.  The parties

7    may move to admit evidence outside the administrative record.

8    Defendants shall provide Plaintiff a copy of the entire

9    administrative record within **60** days of the date of this Pretrial

10   Scheduling Order.  The filing of the written administrative

11   record shall be filed not later than **January 11, 2010**.  Should

12   the parties wish to supplement the existing record, such motion

13   must be filed not later than **January 11, 2010.**

14       V.  <u>MOTION HEARING SCHEDULE</u>

15       The parties have informed the Court that they hope to

16   adjudicate this matter by way of cross-motions for summary

17   judgment.  Such cross-motions will be permitted for simultaneous

18   hearing by the Court.  The parties are directed to coordinate a

19   mutually acceptable hearing date in this regard not later than

20   **June 10, 2010.**  The parties are responsible for ensuring that all

21   motions are filed to allow for proper notice of the hearing under

22   the Federal Rules of Civil Procedure and/or Local Rules.

23   Available hearing dates may be obtained by calling Stephanie

24   Deutsch, Courtroom Deputy Clerk, at (916) 930-4207.

25       All purely legal issues are to be resolved by timely

26   pretrial motions.  Local Rule 78-230 governs the calendaring and

27   procedures of civil motions with the following additions:

28   ///

2

1    (a)   The opposition and reply must be filed by

2          **4:00 p.m.** on the day due; and

3    (b)   When the last day for filing an opposition brief

4          falls on a legal holiday, the opposition brief

5          shall be filed on the last court day immediately

6          preceding the legal holiday.

7    Failure to comply with Local Rule 78-230(c), as modified by

8  this Order, may be deemed consent to the motion and the Court may

9  dispose of the motion summarily.  Further, failure to timely

10  oppose a summary judgment motion[1] may result in the granting of

11  that motion if the movant shifts the burden to the nonmovant to

12  demonstrate that a genuine issue of material fact remains for

13  trial.

14    The Court places a page limit of twenty (20) pages on all

15  initial moving papers, twenty (20) pages on oppositions, and ten

16  (10) pages for replies.  All requests for page limit increases

17  must be made in writing to the Court setting forth any and all

18  reasons for any increase in page limit at least fourteen (14)

19  days prior to the filing of the motion.

20    For the Court's convenience, citations to Supreme Court

21  cases should include parallel citations to the Supreme Court

22  Reporter.

23  ///

24  ///

25  ///

26

27    [1] The Court urges any party that contemplates bringing a
28  motion for summary judgment or who must oppose a motion for
    summary judgment to review Local Rule 56-260.

3

1    The parties are reminded that a motion in limine is a
2  pretrial procedural device designed to address the admissibility
3  of evidence.  The Court will look with disfavor upon
4  dispositional motions presented at the Final Pretrial Conference
5  or at trial in the guise of motions in limine.

6    The parties are cautioned that failure to raise a
7  dispositive legal issue that could have been tendered to the
8  court by proper pretrial motion prior to the dispositive motion
9  cut-off date may constitute waiver of such issue.

10   VI.   FINAL PRETRIAL CONFERENCE

11   In the event that this matter does not resolve through
12  summary judgment as contemplated by the parties, a Final Pretrial
13  Conference is set for **September 23, 2010** at **2:00 p.m.**  At least
14  one of the attorneys who will conduct the trial for each of the
15  parties shall attend the Final Pretrial Conference.  If by reason
16  of illness or other unavoidable circumstance a trial attorney is
17  unable to attend, the attorney who attends in place of the trial
18  attorney shall have equal familiarity with the case and equal
19  authorization to make commitments on behalf of the client.

20   Counsel for all parties are to be fully prepared for trial
21  at the time of the Final Pretrial Conference, with no matters
22  remaining to be accomplished except production of witnesses for
23  oral testimony.

24   The parties shall file, not later than **September 2, 2010,** a
25  Joint Final Pretrial Conference Statement.  The provisions of
26  Local Rules 16-281 shall apply with respect to the matters to be
27  included in the Joint Final Pretrial Conference Statement.
28  ///

In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 16-281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word or WordPerfect, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

///

///

///

///

5

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiffs' exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.

In the event that Plaintiffs' and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

///

///

///

1    VII. <u>TRIAL BRIEFS</u>

2        The parties shall file trial briefs not later than

3    **September 9, 2010** by **4:00 p.m.**  Counsel are directed to Local

4    Rule 16-285 regarding the content of trial briefs.

5        VIII.   <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

6        Any evidentiary or procedural motions are to be filed by

7    **September 2, 2010.**  Oppositions must be filed by **September 9,**

8    **2010** and any reply must be filed by **September 16, 2010.**  The

9    motions will be heard by the Court at the same time as the Final

10   Pretrial Conference.

11       IX. <u>TRIAL SETTING</u>

12       The trial is set for **January 18, 2011,** at **9:00 a.m.**  Trial

13   will be a bench trial.  The parties estimate a trial length of

14   **three (3) days.**

15       X.   <u>SETTLEMENT CONFERENCE</u>

16       If the parties believe that a settlement conference in this

17   matter would be of assistance prior to the time that the cross-

18   motions for summary judgment are to be heard, they should advise

19   the accordingly.  Moreover, at the Final Pretrial Conference, the

20   Court may set a settlement conference if the parties so request.

21   In the event no settlement conference is requested, the parties

22   are free to continue to mediate or attempt to settle the case

23   with the understanding that the trial date is a firm date.

24       In the event a settlement conference is set by the Court,

25   counsel are instructed to have a principal with full settlement

26   authority present at the Settlement Conference or to be fully

27   authorized to settle the matter on any terms.

28   ///

1  At least seven (7) calendar days before the settlement

2  conference, counsel for each party shall submit to the chambers

3  of the settlement judge a confidential Settlement Conference

4  Statement.  Such statements are neither to be filed with the

5  Clerk nor served on opposing counsel.  Each party, however, shall

6  serve notice on all other parties that the statement has been

7  submitted.  If the settlement judge is not the trial judge, the

8  Settlement Conference Statement shall not be disclosed to the

9  trial judge.

10     Notwithstanding the foregoing, the parties may request a

11  settlement conference prior to the Final Pretrial Conference if

12  they feel it would lead to the possible resolution of the case.

13  In the event an early settlement conference date is requested,

14  the parties shall file said request jointly, in writing.  The

15  request must state whether the parties waive disqualification,

16  pursuant to Local Rule 16-270(b), before a settlement judge can

17  be assigned to the case.  Absent the parties' affirmatively

18  requesting that the assigned Judge or Magistrate Judge

19  participate in the settlement conference AND waiver, pursuant to

20  Local Rule 16-270(b), a settlement judge will be randomly

21  assigned to the case.

22     XI.  VOLUNTARY DISPUTE RESOLUTION PROGRAM

23     Pursuant to Local Rule 16-271 parties will need to lodge a

24  stipulation and proposed order requesting referral to the

25  Voluntary Dispute Resolution Program.

26  ///

27  ///

28  ///

1    XII.   <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

2        The parties are reminded that pursuant to Rule 16(b) of the

3    Federal Rules of Civil Procedure, the Pretrial Scheduling Order

4    shall not be modified except by leave of court upon a showing of

5    **good cause.**  Agreement by the parties pursuant to stipulation

6    alone to modify the Pretrial Scheduling Order does not constitute

7    good cause.  Except in extraordinary circumstances,

8    unavailability of witnesses or counsel will not constitute good

9    cause.

10   XIII.   <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

11       This Pretrial Scheduling Order will become final without

12   further order of the Court unless objections are filed within

13   seven (7) *court* days of service of this Order.

14       IT IS SO ORDERED.

15   Dated: November 5, 2009

18   MORRISON C. ENGLAND, JR.
     UNITED STATES DISTRICT JUDGE